# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Criminal Case No.   15-cr-00268-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   ABEL AGUILERA-VALDEZ,
2.   LAWRENCE CORTEZ,
3.   GABRIEL GARCIA-ORTEGA,
4.   WALTER GUILLEN-BALTIERREZ,
5.   RAYMUNDO JIMENEZ-AYALA,
6.   ALAZON LEROUX,
7.   SONNY MAYER,
8.   MARTIN TOLEDO,
9.   ROXXANNE VIGIL,

Defendants.

---

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL
## RULE 26.2 AND RULE 16 MATERIAL (DOCKET #125)

---

THE COURT has received the Government's Motion for a Protective Order concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, Fed. R. Crim. P. 49.1, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2;   *Giglio v. United States*, 405 U.S. 150 (1972);   *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

1

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act.   Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion.   The Government has expressed concerns that the Rule 16, Rule 26.2 and Jencks Act protected documents, such as witness statements, results of photo surveillance, audio files of intercepted communications, audio files of consensually recorded communications, intercepted electronic communications, and written reports or written statements of witnesses or persons assisting law enforcement, shall not be left in the custody of a defendant.   The Government cites concerns for adverse consequences for witnesses that could stem from the unauthorized publication, duplication, or circulation of such material which the government intends to disclose to the defense in the context of general pretrial discovery or prior to pretrial court hearings and trial.

In the context of pretrial discovery, the Court finds and concludes that the Government's proposed limitations on the use and control of the material disclosed to the defense before trial are reasonable in the circumstances. Encouraging the early disclosure of Jencks Act material and Rule 26.2 material may promote the fair and prompt resolution of the case.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the Government's Motion for a Protective Order at this time.

It is ordered that Rule 26.2 material and Jencks Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, personal identifying information such as addresses, dates of birth, and social security numbers for witnesses or other persons, and any NCIC/CCIC reports furnished to the defense in this case shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

2

Further, pursuant to this Order, copies of Rule 26.2 material and Jencks Act material reflecting personal identifying information described above, records showing statements by witnesses, photographs or video files showing defendants or other persons in relation to this case, audio files, summaries of intercepted communications, reports of witness statements or debriefing statements, and transcripts or summaries of testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees, associates or other persons working professionally with such defense attorneys.

Where a defendant has been detained pending trial pursuant to Title 18 U.S.C. §§ 3142 or 3145, the parties are directed to coordinate with either the U.S. Marshal Service or the appropriate authority at the detention facility to ensure the reasonable availability of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial. The parties agree that such material shall remain in the physical custody and control of officials permitting a defendant to review material on a judicially provisioned computer in relation to this case as described above. Such facilities must not allow a defendant to e-mail, print or duplicate the material. The material provided to the detention facilities will be the same as that provided to defense counsel.

Where a defendant is on bond, the material may be reviewed under supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys. The material will not be entrusted to the care and custody of the defendant without such supervision. Defendants on bond are not to e-mail, print or duplicate the material.

With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Rule 26.2 material, Jencks Act material, and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be published or publicly circulated by the defense without further order of Court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement.   In the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 26.2 material, Jencks Act material, NCIC/CCIC records, audio files, video files, and photographs may be returned to the Government or disposed of in a manner that prevents unauthorized disclosure.

It is so ordered.

DATED this 14th day of August, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge